IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORY PAUL McPHERSON,

        Plaintiff,

vs.                                      No. CIV 00-458 JP/LFG

CORRECTIONS CORPORATION
OF AMERICA, et al.,

        Defendants.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION ON DEFENDANT McGOWEN'S MOTION TO DISMISS[1]

This is a *pro se*, *in forma pauperis* civil rights actions pursuant to 42 U.S.C. § 1983. Plaintiff Gregory Paul McPherson ("McPherson") alleges that various correctional officials and employees violated his civil rights while he was incarcerated at the Torrance County Detention Facility ("TCDF"). This matter comes before the Court on Defendant Una McGowen's ("McGowen") Motion to Dismiss [Doc. 14]. McGowen argues that the complaint fails to allege any personal involvement on her part in the alleged constitutional violations. She also asks the Court to dismiss McPherson's claim for injunctive relief. The Court agrees with McGowen that injunctive relief is not appropriate in this case, but it finds that McPherson has stated a claim against McGowen and recommends that the motion to dismiss be denied in that regard.

---

[1] Within ten (10) days after a party is served with a copy of this legal analysis and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendations. If no objections are filed, no appellate review will be allowed.

    A.  <u>Motion to Dismiss Claims Against McGowen</u>

On July 27, 2000, the Court entered a Memorandum Opinion and Order [Doc. 7] in this case, dismissing McPherson's claim of an inadequate law library and also dismissing claims against all of the defendants with the exception of Janice Hooven and Una McGowen, in their individual capacities. McPherson's two remaining causes of action include allegations that Hooven and/or McGowen interfered with his prison mail and improperly discharged him from his prison job.

McGowen waived service of process and filed an Answer on September 25, 2000. Defendant Hooven was served on November 28, 2000 and has not yet answered the complaint. On October 5, 2000, McPherson filed a document styled Response to Defendant Una McGowen's Answer to Plaintiff's Civil Rights Complaint [Doc. 18]. The Court on this date entered a separate order, granting Defendant's motion to strike this pleading as not allowed under the Federal Rules. However, the Court finds that the allegations of McPherson's original complaint are sufficient to state a claim against McGowen, without considering any additional information presented in McPherson's Response to McGowen's Answer, and thus the motion to dismiss claims against her should be denied.

A constitutional claim under § 1983 brought by a prisoner *pro se* should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. <u>Meade v. Grubbs</u>, 841 F.2d 1512, 1526 (10th Cir. 1988). The allegations of the complaint must be accepted at face value, for purposes of the motion. <u>Id.</u>, at 1526. Although the *pro se* complaint must be liberally construed under this standard, <u>Northington v. Jackson</u>, 973 F.2d 1518, 1520-21 (10th Cir. 1992), it will nevertheless be dismissed under Rule 12(b)(6) if it fails to state a legally cognizable claim. *See*, <u>Denton v. Hernandez</u>, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733 (1992).

McGowen argues that the complaint does not adequately allege personal involvement on her part in any violation of McPherson's constitutional rights, as required in an action under 42 U.S.C. § 1983, and therefore all claims against her must be dismissed. Personal participation is indeed an essential allegation in a § 1983 claim. Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory capacity is not sufficient, by itself, to impose liability; rather, plaintiff must allege that the supervisor knew of and acquiesced in the unconstitutional behavior, or expressly or otherwise "authorized, supervised, or participated in conduct which caused the constitutional deprivation." Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir. 1990).

McPherson makes the following allegations against McGowen. McPherson was transferred to TCDF on January 10, 2000. On February 1, 2000, two personal letters which he had written and attempted to mail from the prison were confiscated by prison officials, and not mailed out, on grounds that they were typewritten and "typed letters must be sent to legal mail to legal correspondents." McPherson was employed as a legal aide at the time; his supervisor was the librarian, McGowen. He filed two grievances relating to the confiscation of his mail and was told, first, that the letters would be returned to him, and next that the letters had been placed in his "soft file" and apparently would be retained there.

He appealed the resolution of the second grievance, asking for citation to the policy stating that inmate personal correspondence could not be typewritten. As resolution of his appeal, the grievance officer wrote, "You were the legal aide and your access to the legal typewriter is restricted to performing those duties. Typing your own personal letters is prohibited. Appeal denied." McPherson alleges that the two typewritten, personal letters were never returned to him, and that he has not been referred to any prison policy that prohibits personal typewritten correspondence.

(Complaint, at pp. 3-5).

McPherson further alleges that on February 23, 2000, he was told by a prison officer that Defendant Hooven had suspended him from his job as a legal aide because he had typed personal correspondence. Contending this was a fabricated reason, he filed a grievance to protest the job suspension. In response, the grievance officer wrote on the report, "Ms. McGowen suspended you not Ms. Hooven." (*See* Exhibit 4 to Complaint). McPherson's appeal of the grievance resolution was again rejected, the grievance officer noting, "You used the legal typewriter for your personal mail which is prohibited. Appeal denied." (Id.).

McGowen points out that, in the complaint, McPherson expressed his disbelief that McGowen had suspended him, and this establishes his failure to allege her personal involvement. It is true that McPherson states in the complaint, "The idea of Ms. McGowen suspending plaintiff was far fetched and hard for plaintiff to believe." (Complaint, "Facts in Support" [hereafter, "C-FS"], ¶ 15). However, he explains this disbelief by stating he had told McGowen of the confiscation incident at the time it occurred, and says that McGowen told him it was not a problem. (C-FS, ¶ 15). In addition, in the next paragraph McPherson alleges that, even though he believes McGowen may have been manipulated or misled, nevertheless she "suspended plaintiff from his job without the slightest shred of evidence presented to justify her actions." (C-FS, ¶ 16). He alleges elsewhere in the complaint that "The suspension of plaintiff from his job was done in retaliation to his utilizing the grievance procedure to address to address the issue of his mail . . . ." (C-FS, ¶ 10). These allegations state a cause of action under § 1983.

There is no constitutional right to prison employment, Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986), and although a property or liberty interest in prison employment may be created by

state law, the language creating such interest must be "of an unmistakably mandatory character." Id., at 597.  The Court finds no such language in New Mexico law; therefore, plaintiff has no entitlement to due process protection against arbitrary job action by prison officials.  McPherson, however, contends that he was suspended and removed from his job in retaliation for filing grievances concerning his mail.  "The existence of an improper motive for disciplining a prisoner which results in interference with a constitutional right also may give rise to a . . . cause of action under section 1983 . . .  This principle applies even where the action taken in retaliation would be otherwise permissible."  Smith v. Maschner, 899 F.2d 940, 947-48 (10th Cir. 1990).  In Smith, the Tenth Circuit cited with approval an Eleventh Circuit case holding that retaliation for filing lawsuits and administrative grievances violates an inmate's right of access to the courts and under the First Amendment.

In this case, McPherson's claim against McGowen boils down to an allegation that she suspended him from his prison job in retaliation for the exercise of his First Amendment right to speak out, by means of filing a grievance, against alleged mistreatment by prison officials.  Although McPherson stated in the complaint that he found it hard to believe that McGowen was the one who made the decision to suspend him, nevertheless, he was told that she was the decision-maker in this matter, and he clearly alleges that she suspended him.  This is sufficient to allege personal involvement by McGowen in First Amendment violation.  Whether McPherson can establish McGowen's liability remains to be seen; however, the motion to dismiss the claim against McGowen should, at this point, be denied.

### B.  Injunctive Relief

McGowen also argues that McPherson has failed to state a claim for injunctive relief.  This

argument is well taken. In addition to damages claims, McPherson asks that the Court preliminarily and permanently "enjoin Defendants from continuing the abuse, harassment and discrimination described herein," and order Defendants to "correct their actions" and abide by all Corrections Department policies and laws of New Mexico.

A party seeking preliminary injunctive relief must show: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in absence of an injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest. Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social and Rehabilitative Serv., 31 F.3d 1536, 1542-43 (10th Cir. 1994). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Id., at 1543 (internal punctuation omitted).

A preliminary injunction is an equitable remedy that invokes the sound discretion of the district court. Lundgrin v.Claytor, 619 F.2d 61, 63 (10th Cir.1980). The burden is on the movant to make a prima facie showing of probable right to ultimate relief, and probable danger of injury if the motion is denied. Id. The primary purpose of a preliminary injunction is to preserve the status quo pending the outcome of the case. Id. In issuing a preliminary injunction, a court is attempting to preserve the power to render a final decision on the merits. Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986). If it appears that "Plaintiffs did not seek to maintain the status quo pending a determination on the merits, but sought to use the preliminary injunction as a vehicle to effect the remedies sought in the complaint," a motion for preliminary injunction should be denied. Broadnax v. U.S. Parole Comm'n, 116 F.3d 489 (Table, text in Westlaw), No. 96-6161, 1997 WL 346042, at *1 (10th Cir. June 24, 1997).

In addition, preliminary injunctive relief in civil actions with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct any harm found by the Court, and be the least intrusive means necessary to correct that harm.  18 U.S.C. § 3626(a)(2); <u>Singer v. Wackenhut Corrections Corp</u>, No. Civ. 99-1091 PK/RLP, slip op. at 5 (D.N.M. March 14, 2000) .

McPherson's claims as set out in his complaint are that prison officials interfered with his outgoing mail, and removed him from his prison job in retaliation for filing grievances relating to that alleged interference.  He seeks damages for these violations and, if he prevails in this lawsuit, damages will provide adequate relief.  The allegations of the complaint do not indicate any ongoing harm nor do they make out a case that irreparable injury will occur in the absence of an injunction.  In addition, although the Court recommends denial of McGowen's motion to dismiss, this does not mean that McPherson has shown a substantial likelihood of prevailing on the merits; it means only that the complaint states a claim against McGowen.  Finally, an injunction is clearly not the "least intrusive means" necessary to correct any harm that may have occurred to McPherson due to interference with his mail and retaliatory removal from a prison job.  For these reasons, the Court recommends that McGowen's motion to dismiss be granted with regard to claims for injunctive relief.

### **Recommended Disposition**

1. That Defendant Una McGowen's Motion to Dismiss [Doc. 14] be denied in part, in that the Court find that McPherson has stated a claim for relief against McGowen;

2. That the motion be granted in part, in that all claims for injunctive relief be dismissed.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge
