IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORY PAUL McPHERSON,

        Plaintiff,

vs.                                            No. CIV 00-458 JP/LFG

CORRECTIONS CORPORATION
OF AMERICA, et al.,

        Defendants.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT McGOWEN'S MOTION TO STRIKE[1]

This is a *pro se*, *in forma pauperis* civil rights actions pursuant to 42 U.S.C. § 1983. Plaintiff Gregory Paul McPherson ("McPherson") alleges that various correctional officials and employees violated his civil rights while he was incarcerated at the Torrance County Detention Facility ("TCDF").

This matter comes before the Court on Plaintiff's Motion for Summary Judgment [Doc. 39], and Defendant Una McGowen's ("McGowen") Motion to Strike Plaintiff's Motion for Summary Judgment [Doc. 45]. In addition to her Motion to Strike, McGowen filed a substantive response to Plaintiff's Motion for Summary Judgment. Plaintiff has not filed a response to McGowen's Motion

---

[1] Within ten (10) days after a party is served with a copy of this legal analysis and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendations. If no objections are filed, no appellate review will be allowed.

to Strike, nor has he filed a reply to McGowen's response to his Motion for Summary Judgment, and the time for filing has expired. The Court therefore makes its recommendation based on McPherson's Motion for Summary Judgment, McGowen's response thereto, and McGowen's Motion to Strike.

McPherson states in his motion for summary judgment that "he has presented sufficient evidence in alleging the personal involvement of defendant Una McGowen in First Amendment violation," and that "the Court has found that the allegations of Plaintiff's original complaint are sufficient to state a claim against defendant McGowen." He also argues that the Court's refusal to allow him to pursue discovery at this stage of the case is further grounds for granting summary judgment.

The Court agrees with McGowen that Mcpherson has failed to establish that he is entitled to summary judgment on his claims against her. It is true that a *pro se* litigant is entitled to have his filings liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972). However, the fact that McPherson has stated a claim against McGowen sufficient to withstand a motion to dismiss does not mean that he is entitled to summary judgment, without further showing. The standards for dismissal under Fed. R Civ. P. 12(b)(6) and for summary judgment under Fed. R. Civ. P. 56 differ considerably.

A summary judgment proceeding is appropriately used to cut through the allegations of the pleadings and to determine if there is a triable issue. Summary judgment will be granted when the moving party can demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S. Ct. 1598 (1970); Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins.

2

Co., 52 F.3d 1522, 1527 (10th Cir. 1995). The court does not decide the issues of fact, but rather determines if there is an issue that must be resolved at trial. Summary judgment is appropriate only if there is insufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict for that party. Anderson v. Liberty Lobby, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986). Thus, the court's inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id., at 251-52, 106 S. Ct. at 2512. The court, in considering a motion for summary judgment, construes the factual record and the reasonable inferences therefrom in the light most favorable to the party opposing the motion. Perry v. Woodward, 199 F.3d 1126, 1131 (10th Cir. 1999), *cert. denied,* 529 U.S. 1110, 120 S. Ct. 1964 (2000).

By contrast, a complaint will be dismissed for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). McPherson may have stated a claim against McGowen, but he has failed to demonstrate that there are no genuine issues of fact regarding her liability, nor has he shown that no reasonable jury would return a verdict in her favor. He states that he should have been allowed to conduct discovery and that the documents he sought to obtain thereby would establish a constitutional violation. However, as McGowen correctly points out, "It is inappropriate for plaintiff to argue that documents which are not before the Court would establish an absence of a genuine issue of material fact. This Court denied the Motion for Production indicating that it would likely order a Martinez report at a later date which would effect the same discovery." McGowen's Response to Motion for Summary Judgment [Doc. 44], at 4.

The other defendant in this case, Janice Hooven, recently submitted a Motion for Leave to

3

File an Answer, along with her proposed Answer, and the motion has been granted. A Martinez Report is appropriate at this point, now that all parties have entered their appearances.

The Court may order Defendant in a case brought by a prisoner proceeding *pro se* to submit a special report, a <u>Martinez</u> report, to investigate the incidents which form the basis for Plaintiff's lawsuit. <u>Martinez v. Aaron</u>, 570 F.2d 317, 320 (10th Cir. 1978). The Tenth Circuit has authorized the Court to require a <u>Martinez</u> report to develop the factual or legal basis for determining whether an inmate has a meritorious claim. *See, e.g.*, <u>Gee v. Estes</u>, 829 F.2d 1005, 1007 (10th Cir. 1987). The report may be used in a variety of procedural situations, including a motion for summary judgment. If a <u>Martinez</u> report is used for summary judgment purposes, however, Plaintiff must be given an opportunity to present conflicting evidence to controvert the facts set out in the report.

To assist the Court in evaluating McPherson's claims, Defendant is directed to prepare a report addressing the following matters:

1. If any of McPherson's outgoing mail was not delivered to its intended recipient during his incarceration at the TCDF, identify each piece of mail by stating the intended recipient, the date it was intercepted, whether it was handwritten or typed, the reason for the interception, and its present location.

2. If any of the mail referred to question 1 above was retained by TCDF in McPherson's file or elsewhere, provide a photocopy of each such piece of mail, and state why the mail was not returned to McPherson.

3. Provide copies of all TCDF policies regulating prisoner mail.

4. Does TCDF have a policy or regulation that personal mail must be handwritten, rather than typed? If so, state the source of such policy and, if it is a written policy, provide a copy.

5. Does TCDF have a policy or regulation that legal aides and other inmates who have access to typewriters may use the typewriters for legal mail only? If so, state the source of such policy and, if it is a written policy, provide a copy.

5. Provide copies of all grievances filed by McPherson relating to his claim of interference with his mail, and his claim that he was unjustly suspended or terminated from his job as a legal aide.

6. Provide copies of documentation surrounding McPherson's suspension or termination from his job as a legal aide.

7. State the reason for McPherson's suspension or termination from his job as legal aide and, if the job action was based on his violation of TCDF policies, supply a copy of any such policies.

8. McPherson claims that his adverse job action was taken in retaliation for his complaints regarding handling of his mail. Please respond to this charge.

Defendant's Martinez report must address each point set out above. Documents in support of the report may be submitted simultaneously with the report, but the submission of documents alone, or documents submitted with an index but without an accompanying report, will not be in compliance with this order. Defendants may submit affidavits in support of the report, if necessary.

The report shall be filed and served on or before May 29, 2001. McPherson will have thirty days from the date of service to respond. The parties are hereby given notice that the report may be used in deciding whether to grant summary judgment of Jacobs' claims, and the parties should submit whatever materials they consider relevant to the claims. *See*, Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

**Recommended Disposition**

That Plaintiff's Motion for Summary Judgment [Doc. 39] be denied, that McGowen's Motion to Strike [Doc. 45] be denied as moot, and that a Martinez Report be ordered as described above.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge